# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:19-CR-00200 |
| v. | (Judge Brann) |
| JEREMY SNYDER, | |
| Defendant. | |

## MEMORANDUM OPINION

**JUNE 18, 2020**

Currently pending before the Court is Jeremy Snyder's motion for release to at-home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2),[1] or for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).[2] Snyder contends that he is entitled to release to home confinement due to the COVID-19 pandemic and his particular susceptibility to the virus.[3]

## I.   BACKGROUND

In June 2019, a criminal information was filed charging Snyder with attempted federal income tax evasion, in violation of 26 U.S.C. § 7201.[4] In July 2019, Snyder pled guilty, pursuant to a written plea agreement, to that count.[5] In the

---

[1] Doc. 29
[2] Although Snyder's original motion made no mention of compassionate release, in his subsequent brief Snyder contends that he is entitled to such relief. (Doc. 36).
[3] Docs. 29, 36.
[4] Doc. 1. Snyder waived his right to indictment by a grand jury. (Doc. 7).
[5] Docs. 3, 8.

plea agreement the parties agreed that Snyder's total unreported income was $807,578, and that the total tax loss for the Government was $211,248.[6] The guilty plea was accepted and a Presentence Report (PSR) was prepared.

The PSR noted that for several years Snyder embezzled hundreds of thousands of dollars from his employer.[7] Snyder's employer "viewed [him] as a son" and therefore did not contact law enforcement.[8] Nevertheless, federal authorities discovered that Snyder failed to report his embezzled income and, accordingly, that he owed more than two hundred thousand dollars in unpaid taxes, not including penalties and interest.[9] On February 10, 2020, this Court sentenced Snyder to 18 months' imprisonment and ordered that he voluntarily surrender to the Bureau of Prisons ("BOP") on March 12, 2020.[10]

Snyder has now filed a motion for release to home confinement.[11] In his motion, Snyder asserts that he suffers from asthma, high blood pressure, and obesity, all of which places him at a higher risk of serious illness or death should he contract COVID-19.[12] Snyder further contends that the safety procedures at his place of confinement—the camp at Federal Correctional Institution, Loretto ("FCI

---

[6] Doc. 3 at 8.
[7] Doc. 14 at 3.
[8] *Id.*
[9] *Id.* at 4.
[10] Docs. 25, 26.
[11] Doc. 29.
[12] *Id.* at 2.

Loretto")—are insufficient to protect inmates from COVID-19.[13] The Government responds that (1) this Court lacks jurisdiction to consider any request under the CARES Act and (2) this Court should not grant Snyder's motion for compassionate release because he failed to exhaust his administrative remedies and, in any event, his request is without merit.[14] This motion is ripe for consideration and, for the following reasons, Snyder's motion will be dismissed.

## II.   DISCUSSION

### A.   CARES Act

As to Snyder's claim under the CARES Act, that Act "sought to address the spread of the coronavirus in prisons by permitting [the] BOP to expand the use of home confinement under Section 602 of the First Step Act § 3624(c)(2)" by "temporarily suspend[ing] the limitation of home confinement to the shorter of 10 percent of the inmate's sentence or 6 months."[15] "Thus, the CARES Act provides that if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, as he did on April 3, 2020, the BOP Director may increase the maximum amount of time that a prisoner may spend in home

---

[13]   Doc. 36 at 2.
[14]   Doc. 34.
[15]   *Gottstein v. Finley*, No. 3:20-CV-0935, 2020 WL 3078028, at *6 (M.D. Pa. June 10, 2020) (brackets and internal quotation marks omitted).

confinement."[16] "As such, the jurisdiction of a home confinement determination under the CARES Act is with the Director of the Bureau of Prisons."[17]

Because jurisdiction under the CARES Act rests exclusively with the BOP, numerous courts have determined that district courts do not have jurisdiction to consider an inmate's request for release to home confinement under the CARES Act.[18] The overwhelming weight of case law confirms that this Court does not have jurisdiction to grant relief under the CARES Act and, therefore, Snyder's request for release to home confinement under that Act will be dismissed for lack of jurisdiction.

### B. Compassionate Release

Next, Snyder asserts that he is entitled to compassionate release, as he is particularly susceptible to COVID-19 due to his obesity, asthma, and high blood pressure.[19] Snyder further contends that the procedures in place at FCI Loretto cannot adequately ensure his safety.[20]

Although Snyder avers that he is entitled to compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), that section permits an inmate to file a motion for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

---

[16] *Id.*
[17] *Id.* (brackets and internal quotation marks omitted).
[18] *Id.* at *7 (collecting cases).
[19] Doc. 29 at 2.
[20] Doc. 34 at 2, 4-6.

facility, whichever is earlier." Exhaustion of administrative remedies is mandatory, and an inmate's failure to exhaust such remedies "presents a glaring roadblock foreclosing compassionate release."[21]

To fully exhaust one's administrative appeal rights after a denial, an inmate must first submit an appeal to the BOP Regional Director, within twenty calendar days of the date the Warden signed the denial.[22] If the Regional Director denies the appeal, an inmate must, within thirty days of that denial, appeal that decision to the BOP General Counsel.[23] Only when this is complete will an inmate have exhausted his administrative remedies.[24]

The evidence demonstrates that Snyder submitted a request for release to home confinement to the Warden of FCI Loretto, and that request was denied four days later, on May 6, 2020.[25] It appears that, rather than file an appeal of that denial, Snyder filed a second request to the Warden on May 15, 2020.[26] It is thus clear from the record that Snyder has not yet taken all steps necessary to complete the administrative appeals process. As the United States Court of Appeals for the Third Circuit has emphasized, "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement

---

[21] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).
[22] 28 C.F.R. § 542.15(a).
[23] *Id.*
[24] *See id.* ("Appeal to the General Counsel is the final administrative appeal").
[25] Doc. 31 at 7.
[26] Doc. 32-1.

takes on added—and critical—importance."[27]  That exhaustion requirement has not been met here, and this Court therefore lacks jurisdiction to consider Snyder's motion for compassionate release.[28]  Accordingly, Snyder's motion for compassionate release will be dismissed without prejudice to his right to refile should be exhaust his administrative remedies.

### III. CONCLUSION

For the foregoing reasons, Snyder's motion for release pursuant to the CARES Act will be dismissed, while his request for compassionate release will be dismissed without prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[27] *Raia*, 954 F.3d at 597.
[28] *See Cordaro v. Finley*, No. 3:10-CR-75, 2020 WL 2084960, at *4 (M.D. Pa. Apr. 30, 2020).