IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:19-CR-00200 |
| v. | : | (Judge Brann) |
| JEREMY SNYDER, | : | |
| Defendant. | : | |

MEMORANDUM OPINION

OCTOBER 9, 2020

Currently pending before the Court is Jeremy Snyder's motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Snyder contends that he is entitled to release to home confinement due to the COVID-19 pandemic and his particular susceptibility to the virus.[2] The Government opposes the motion.[3]

## I.     BACKGROUND

In June 2019, a criminal information was filed charging Snyder with attempted federal income tax evasion, in violation of 26 U.S.C. § 7201.[4] In July 2019, Snyder pled guilty, pursuant to a written plea agreement, to that count.[5] In the plea agreement the parties agreed that Snyder's total unreported income was

---

[1]  Doc. 29.
[2]  *Id.*
[3]  Docs. 34, 45.
[4]  Doc. 1. Snyder waived his right to indictment by a grand jury. (Doc. 7).
[5]  Docs. 3, 8.

$807,578, and that the total tax loss for the Government was $211,248.[6] The guilty plea was accepted and a Presentence Report (PSR) was prepared.

The PSR noted that for several years Snyder embezzled hundreds of thousands of dollars from his employer.[7] Snyder's employer "viewed [him] as a son" and therefore did not contact law enforcement.[8] Nevertheless, federal authorities discovered that Snyder failed to report his embezzled income and, accordingly, that he owed more than two hundred thousand dollars in unpaid taxes, not including penalties and interest.[9] On February 10, 2020, this Court sentenced Snyder to 18 months' imprisonment and ordered that he voluntarily surrender to the Bureau of Prisons ("BOP") on March 12, 2020.[10] Snyder is currently incarcerated at the Federal Correctional Institution Loretto, located in Loretto, Pennsylvania ("FCI Loretto").

Snyder has now filed a motion for compassionate release.[11] In his motion, Snyder asserts that he suffers from asthma, high blood pressure, and obesity, all of which place him at a higher risk of serious illness or death should he contract COVID-19.[12] Snyder further contends that the safety procedures at FCI Loretto are insufficient to protect inmates from COVID-19.[13] The Government responds that no

---

[6] Doc. 3 at 8.
[7] Doc. 14 at 3.
[8] *Id.*
[9] *Id.* at 4.
[10] Docs. 25, 26.
[11] Doc. 29.
[12] *Id.* at 2.
[13] Doc. 36 at 2.

extraordinary and compelling basis exists to grant the motion and, in any event, the relevant 18 U.S.C. § 3553(a) sentencing factors militate against granting Snyder's motion.[14] This motion is ripe for consideration and, for the following reasons, Snyder's motion will be denied.

## II.   DISCUSSION

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."[15] Congress has provided courts with the authority to modify sentences through its enactment of 18 U.S.C. § 3582(c)(1)(A). That statute permits courts to reduce an inmate's sentence if the inmate has exhausted his administrative remedies[16] and if, as relevant here, "extraordinary and compelling reasons warrant such a reduction."[17] Courts must also consider the relevant § 3553(a) sentencing factors[18] and whether "the defendant is . . . a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[19]

Congress has not defined the term "extraordinary and compelling." However, the Sentencing Guidelines define the term to include a terminal illness, or any non-terminal illness "that substantially diminishes the ability of the defendant to provide

---

[14]   Doc. 34, 45.
[15]   *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007).
[16]   This Court has already concluded that Snyder properly exhausted his administrative remedies. (Doc. 43).
[17]   18 U.S.C. § 3582(c)(1)(A)(i).
[18]   *Id.*
[19]   U.S. Sentencing Guidelines Manual § 1B1.13(2).

self-care within the environment of a correctional facility and from which he or she is not expected to recover."[20] This definition is not, however, authoritative, as "[t]he Commission has not updated its policy statement to account for the changes imposed by the First Step Act, and the policy statement is now clearly outdated."[21] Thus, while "the Policy Statement provides useful guidance for district courts in assessing a defendant's eligibility for compassionate release, . . . it does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)."[22] "The burden rests with the defendant to show that a reduction in sentence is proper."[23]

Here, Snyder has not met his burden of establishing that extraordinary and compelling reasons weigh in favor of compassionate release. As an initial matter, the Court notes that the existence of COVID-19 cannot alone justify compassionate release. As the United States Court of Appeals for the Third Circuit has explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.[24]

---

[20] *Id.* § 1B1.13, cmt. n.1(A).
[21] *United States v. Rodriguez*, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020).
[22] *United States v. Guzman*, No. 3:16-CR-85, 2020 WL 4515476, at *3 (M.D. Pa. Aug. 5, 2020) (brackets and internal quotation marks omitted).
[23] *United States v. Rengifo*, No. CV 1:13-CR-00131, 2020 WL 4206146, at *2 (M.D. Pa. July 22, 2020).
[24] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Thus, to demonstrate extraordinary and compelling reasons for compassionate release, movants must show that they suffer from one or more ailments that render them more susceptible to serious injury or death should they contract COVID-19. The Court concludes that Snyder has failed to make such a showing.

First, although Snyder contends that he is obese, his most recent medical records demonstrate that he weighs 184 pounds.[25] This, combined with his height of five feet eight inches,[26] means that Snyder has a Body Mass Index of 28, which is below the 30.0 threshold of obesity.[27] Moreover, Snyder's high blood pressure is well-controlled through lifestyle modifications and the use of medication,[28] and there is no indication that this condition places Snyder at a greater risk of serious illness or death should he contract COVID-19.[29] These conditions therefore do not constitute extraordinary and compelling reasons to grant compassionate release.

Second, although it is undisputed that Snyder suffers from asthma and has been prescribed an Albuterol emergency inhaler to help alleviate any asthma

---

[25] Doc. 47 at 2.
[26] Doc. 14 at 6.
[27] *See* U.S. Dep't of Health & Human Servs., *Calculate Your Body Mass Index*, https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm (last visited Oct. 6, 2020).
[28] Doc. 47 at 1, 5.
[29] *E.g. United States v. Cole*, No. 312CR00079, 2020 WL 5891972, at *2 (D. Nev. Oct. 5, 2020) (noting that no extraordinary and compelling reasons exist to grant compassionate release where movant's "hypertension is well controlled and at any rate, it is an open question whether regular hypertension elevates COVID-19 risk").

symptoms,[30] Snyder has not demonstrated that this condition renders him more vulnerable to COVID-19.

The CDC lists moderate to severe asthma as a condition that may increase the risk for severe illness from COVID-19.[31] As other courts have discussed, "one has 'moderate asthma' where the individual suffers from daily symptoms, experiences nighttime awakenings more than once a week, uses an albuterol rescue inhaler on a daily basis, and experiences some limitation of normal activities."[32] Snyder has not established that he suffers from moderate to severe asthma, and the medical records do not establish any of the four diagnostic factors for moderate asthma. There is no evidence that Snyder experiences daily asthma symptoms or must use his rescue inhaler daily, or that he experiences any nighttime awakenings or limitation in his normal activities.

To the contrary, Snyder's medical records reveal that, while he has been prescribed an emergency inhaler, he denied any recent asthma exacerbations and has consistently denied experiencing any shortness of breath.[33] These rather unremarkable findings demonstrate that Snyder's asthma is well-controlled, and the Court therefore concludes that Snyder has not shown that he suffers from moderate

---

[30] Doc. 47 at 1, 2.
[31] Centers for Disease Control and Prevention, *Coronavirus Disease 2019, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 6, 2020).
[32] *United States v. Smith*, No. CR 9-187, 2020 WL 4047485, at *3 (W.D. Pa. July 20, 2020).
[33] Doc. 47 at 1, 4, 7, 10.

or severe asthma, as is his burden.[34] Accordingly, the Court finds that Snyder's asthma does not render compassionate release appropriate.[35]

The Court is sympathetic to Snyder's situation, and the risk of harm or death from COVID-19 is a serious issue. However, Snyder has not demonstrated that he suffers from any health condition that increases his susceptibility to severe complications should he contract COVID-19. In the absence of any such comorbidity, the Court simply cannot find that extraordinary and compelling reasons exist to grant Snyder's motion.

### III. CONCLUSION

For the foregoing reasons, Snyder's motion for compassionate release will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[34] *Rengifo*, 2020 WL 4206146, at *2.
[35] *See United States v. Guzman*, No. 3:16-CR-85, 2020 WL 4515476, at *4 (M.D. Pa. Aug. 5, 2020) (finding asthma insufficient to grant compassionate release where movant was prescribed only an inhaler that was used twice per week, movant was never hospitalized for the condition, and examinations were normal); *United States v. Zaffa*, No. CR 14-050-4, 2020 WL 3542304, at *2 (D.N.J. June 29, 2020) (asthma is insufficient "to meet the 'extraordinary and compelling' threshold" absent "concurrent risk factors (e.g. age or inclusion in another high-risk category)"); *United States v. Mazzo,* 2020 WL 3410819 (D. Conn. June 22, 2020) (asthma insufficient to demonstrate extraordinary and compelling reasons despite movant's use of multiple inhalers because condition was well-controlled); *United States v. Wheeler*, 2020 WL 2801289, at * 3 (D.D.C. May 29, 2020) (mild asthma does not constitute an extraordinary and compelling reason to grant compassionate release).